IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | |
|---|---|
| **Judith H. Kusel** <br> 14420 Tunnel Avenue, Apt. 119 <br> Ocean City, Maryland 21842 <br><br> *On behalf of herself and others similarly situated* <br><br> **Plaintiff** <br><br> v. <br><br> **B J's On The Water, Inc.** <br> 115 75TH Street <br> P.O. Box 751 <br> Ocean City, Maryland 21842 <br><br> **Madlyn M. Carder** <br> 11209 Woodside Drive <br> Berlin, Maryland 21811 <br><br> **William R. Carder** <br> 11209 Woodside Drive <br> Berlin, Maryland 21811 <br><br> **Defendants** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> / |

(at right of caption)
Case No. _____
**JURY TRIAL REQUESTED**

## COLLECTIVE ACTION COMPLAINT UNDER THE
## FAIR LABOR STANDARDS ACT AND CLASS ACTION COMPLAINT

Plaintiff, Judith H. Kusel, on behalf of herself and others similarly situated, and through undersigned counsel, states a complaint against Defendants B J's On The Water, Inc. (hereinafter "BJ's), Mrs. Madlyn "Maddie" Carder, and Mr. William R. Carder, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and requests a jury trial, as follows:

## Introduction

1. This is a collective action for overtime wages brought pursuant to 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and a class action for unpaid minimum wages and overtime brought pursuant to Rule 23 of the Federal Rule of Civil Procedure, Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE art. 3-501 *et seq.* ("MWPCL"). Plaintiff brings this action on behalf of herself and all similarly situated tipped restaurant workers who have worked at the Ocean City, Maryland, "BJ's On The Water" restaurant, which is owned, controlled and operated by the individual Defendants named herein.

2. Plaintiff seeks on behalf of herself and others similarly situated, in addition to the actual sums owed in unpaid minimum wages and overtime wages, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant BJ's is a Maryland Corporation, and owns and operates BJ's On The Water restaurant/bar ("BJ's") in Ocean City, Maryland.

7. At all times material herein, BJ's has had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. Defendant BJ's employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are two or more employees of BJ's who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

9. BJ's has employees who cook, serve, and otherwise handle food and beverages that have moved in and crossed interstate and even international boundaries.

10. There are employees of BJ's, such as the Plaintiff, who regularly sell food and beverages that have moved in interstate commerce, and who regularly process credit card transactions for customer payments.

11. There are employees of BJ's who use cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

12. Accordingly, subject matter jurisdiction exists because Defendant BJ's is an entity covered under the FLSA. Defendants also satisfy the coverage provisions of the MWHL. As a covered enterprise, Defendants have at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

13. Defendants Madlyn and William Carder (collectively referred to herein as the "Carder Defendants") are husband and wife owners of Defendant BJ's, with complete operational control

of BJ's On The Water.

14. Upon information and belief, the Carder Defendants maintain joint custody and control of BJ's On The Water business records and share responsibility with one another for maintaining those records, such as payroll records.

15. Additionally, upon information and belief, for all times material to this case, the Carder Defendants were, and continue to be, aware of operational issues throughout the restaurant, and are knowledgeable of BJ's On The Water past and present employment practices and policies.

16. Upon information and belief, for all times material to this case, the Carder Defendants possessed and continue to possess the authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at BJ's On The Water., including Plaintiff, and possessed the ability to hire employees and both Carder Defendants have terminated employees.

17. Upon information and belief, the Carder Defendants receive and continue to receive income from Defendant BJ's, and have been enriched by the failure of the Defendants to properly pay their workers.

18. At all times material herein, the Carder Defendants have been (together and separately) an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

19. The Carder Defendants are thus jointly and individually liable for damages to Plaintiff, and others similarly situated opt-in Plaintiffs, arising under the FLSA, MWHL, and MWPCL.

20. As further detailed below, Plaintiff Kusel worked at BJ's restaurant as a server. This work was performed during the relevant statute of limitations period (last three years).

21. Plaintiff Kusel worked from October 5, 2017 to March 23, 2018.

22. As set forth below, Plaintiff seeks unpaid minimum wages and unpaid overtime wages, in

amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

23. Upon information and belief, there exists more than 100 (100) employees of Defendants at BJ's who are similarly situated to Plaintiff, who have worked for Defendants in the last three years in tipped worker positions (bartenders and servers), and who have not received minimum wages and/or overtime wages at the proper rate.

24. Plaintiff and other employees similarly situated, who received tipped income, were not exempt under the overtime requirements of the FLSA and MWHL.

25. By failing to pay the statutory minimum wage that was due to Plaintiff and other similarly situated server employees, Defendants violated the minimum wage provisions of the MWHL.

26. Additionally, by failing to pay overtime to Plaintiff and similarly situated hourly employees in proper amounts, Defendants willfully violated very clear and well-established overtime provisions under the FLSA and the MWHL.

27. In addition to actual sums owed, Plaintiff seeks, on behalf of herself and other employees similarly situated, liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

### General Allegations

28. Plaintiff was employed by the Defendants at BJ's within the three years preceding the filing of this lawsuit, October 5, 2017 to March 23, 2018. For the entire time that Plaintiff

worked for Defendants at BJ's, Plaintiff performed manual work and was non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

29. Plaintiff generally worked five shifts per week, except when BJ's was closed for three weeks during the winter season. When Plaintiff first started working, Plaintiff would work between 25 hours to 40 hours every week.

30. During the course of Plaintiff's employment, Plaintiff noticed that she and other tipped employees were not being paid overtime when the worked a dual occupation (worked as a tipped worker and performed non-tipped kitchen work).

31. Plaintiff had worked overtime for approximately two statutory workweeks in dual occupations, but she was upset to have not been properly paid and was further upset on behalf of those workers who performed overtime work in dual occupations more frequently.

32. Defendants' bookkeeper/officer manager, Sue Burke, told Plaintiff and a group of other tipped employees that they were not eligible for overtime if they worked more than 40 hours in separate job classifications.

33. So, for example, Plaintiff worked for the pay period ending February 18, 2018, and paid on February 23, 2018, Plaintiff was paid for 37.22 hours at $4.00/hour for work performed as a tipped employee, and 4.8 hours at the regular minimum wage ($9.25/hour) for kitchen work.

34. Plaintiff should have received overtime for this and other similar workweeks. Other tipped employees work at similar rates of pay ($4.00/hour) and also fail to receive overtime in proper amounts.

35. In addition, Plaintiff was upset that there would be deductions taken from her paychecks, and that she and other servers were forced to pay for unpaid customer tabs (walkouts), uniforms, and common mistakes. For example, if Plaintiff or other tipped employees allowed customers to

purchase a food special without purchasing a drink, the workers would be charged for the drink.

36. Furthermore, BJ's would engage in disciplinary deductions from pay. For example, Plaintiff was forced had to repay $34.66 to BJ's after she mistakenly charged the same credit card for a split check. Because one of the customer slips was signed by someone other than the cardholder, Sue Burke, the bookkeeper took a deduction from Plaintiff's wages in the amount of $34.86 (over two pay periods), even though the customers were aware of the charge and had not contested it.

37. Therefore, for the pay period ending March 18, 2018, Plaintiff was subjected to a deduction titled "SHORTAGE" in the amount of $26.80 *after taxes*. This resulted in an hourly rate of $2.54/hour prior to taxes.

38. Additionally, for the pay period ending March 18, 2018, Plaintiff was not paid any wage at all (let alone the minimum wage) for a mandatory meeting which lasted 2 ½ hours.

39. Other tipped employees similarly suffer the same deductions from their pay and nonpayment for meeting time. Accordingly, Defendants have violated the rights of the Plaintiff, and other similarly situated tipped employees, to be paid the minimum wage under the MWHL. While the MWHL allows employers to pay less than minimum wage to employees who receive tips, the employer must still pay at least $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement).

40. Specifically, Defendants have violated the MWHL and MWPCL insofar as they maintained a policy and practice of requiring Plaintiff and other similarly situated tipped employees (servers and bartenders) employees to pay for business losses, such as reimbursement for tabs caused by customer walk-outs, resulting in not just the loss of the legal ability of Defendants to take a tip credit under the MWHL, for at least certain workweeks, but also

resulting in unlawful wage deductions as to Plaintiff and other similarly situated tipped employees.

41. Defendants further violated the FLSA and MWHL by failing to pay Plaintiff and other similarly situated tipped employees, overtime pay in proper amounts, when the Plaintiff and others similarly situated employees worked more than 40 hours in a statutory workweek in a dual (occupation) (tipped work and non-tipped work).

## Class Allegations

42. Plaintiffs seek to represent two distinct classes: (A) one FLSA class (Count I); and (B) two Maryland classes (Counts II-IX).

    A. The "FLSA Class" (Count I) consists of all persons who performed any work at BJ's at any time during the period beginning three years from the date of commencement of this lawsuit through the date of class certification, and who performed tipped and non-tipped work and who worked in excess of forty (40) hours per week (the "FLSA Class");

    B. The Maryland Minimum Wage Class (Counts II, IV) consists of all persons who performed work at BJ's beginning three years from the date of commencement of this lawsuit through the date of class certification, and who worked at a rate of pay less than the then-applicable minimum wage under Md. Ann. Code LE Art. § 3-413 (minimum wage) (the "Maryland Minimum Wage Class").

    C. The Maryland Overtime Class (Counts III, IV) consists of all persons who performed any work at BJ's at any time during the period beginning July 1, 2015 through the date of class certification, and who performed tipped and non-tipped work and who worked in excess of forty (40) hours per week (the "Maryland Overtime Class");

   D. Excluded from the FLSA Class, the Maryland Minimum Wage Class, and the Maryland Overtime Class are bona fide owners, officers, managers and directors of Defendant B J's By The Water, Inc.

43. There are questions of fact and law common to all classes ("opt-in" and Rule 23 opt-out), including but are not limited to:

   A. Whether Defendants failed to properly calculate overtime for proposed Class Members when tipped employees performed non-tipped occupations and worked more than forty (40) hours in a statutory workweek;

   B. Whether Defendants violated MWHL, Md. Ann Code LE art. § 3-419 by failing to pay proposed Class Members at least $3.63/hour in workweeks in which tipped employees were subjected to deductions from wages to cover customer and business losses and/or disciplinary matters.

   C. Whether Defendants violated MWHL, Md. Ann Code LE art. § 3-419 by requiring the proposed Class Members to pay for customer and business losses and/or disciplinary matters, from their tips and/or wages.

   D. Whether Defendants violated MWHL, Md. Ann Code LE art. § 3-415, by requiring proposed Class Members to work over forty hours in a workweek without proper payment.

   E. Whether Defendants impermissibly deducted pay, thus violating MWPCL, Md. Ann Code LE art. § 3-502, by refusing to pay proposed Class Members their hourly wages to allegedly compensate for customer and business losses and/or disciplinary matters.

   F. Whether there is a genuine bona fide dispute as to the deductions and

unpaid wages claimed by the proposed Class Members, thus rendering Defendants liable to Plaintiff and the proposed Class Members for statutory damages under the MWPCL, Md. Ann Code LE art. § 3-501 et seq., and if there is a lack of a bona fide dispute, whether Plaintiffs and proposed Class Members are entitled to receive statutory enhancements in addition to unpaid wages/deductions.

44. The claims of Plaintiff are typical of the classes she seeks to represent. Moreover, the questions of fact and law common to Class Members predominate over any questions affecting only individual members, as all Class members are current or former tipped employees who were not properly paid overtime wages and minimum wages. Individual issues will relate solely to the quantum of relief due to the individual Class Members. Upon information and belief, Plaintiff believes that the potential Class Members number at least one hundred persons. The proposed classes are easily ascertainable as the number and identities of the Class Members are readily determinable from employee and payroll records that the Defendants maintain.

45. Plaintiff will fairly and adequately protect the interests of the class. The interests of the named Plaintiff is consistent with, and not antagonistic to, those of the class.

46. The named Plaintiff is represented by competent counsel who are experienced in complex FLSA litigation. Counsel is licensed to practice in Maryland and have been admitted to practice before the U.S. District Court of the District of Maryland.

47. A hybrid class/collective action is superior to other available methods for the fair and efficient adjudication of this controversy, and is consistent with the legislative history of the FLSA. Class action treatment will permit a large number of similarly situated persons to receive notice and prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that number individual actions

engender.

48. Maintenance of this action as a hybrid class/collective action would promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

49. The prosecution of separate claims by individual Class Members would create a risk of inconsistent or varying adjudications with respect to the individual members of that class that would establish incompatible standards of conduct for Defendants.

## COUNT I
### (FLSA - Failure to Properly Pay Overtime)

50. Plaintiff incorporates paragraphs 1-49, as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiff and other servers and bartenders overtime compensation for all times that they worked in excess of forty (40) hours per week in tipped and non-tipped occupations.

51. As a result of Defendants' actions complained of herein, Defendants willfully violated Section 207(a)(1) of the FLSA, because Defendants failed to compensate Plaintiff and other similarly situated server and bartender employees at a proper overtime rate after application of the so-called tip credit, for hours that Plaintiff and other similarly situated tipped employees worked in excess of forty hours in a work week in dual (tipped and non-tipped) occupations at a rate of not less than one and a half (1 ½) times the applicable minimum wage as required by Federal law and Federal regulations and that Plaintiff and others similarly situated were entitled to receive as their regular rate of pay with Defendants.

52. As a result of Defendants' actions complained of herein, Plaintiff and other similarly situated tipped employees have failed to receive the overtime pay due to them, as required by

Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT II
### (MWHL - Failure to Pay Minimum Wage)

53. Plaintiff incorporates paragraphs 1-52 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants have, in certain workweeks, failed to pay Plaintiff, and other similarly situated tipped employees, at least $3.63/hour, free and clear and in a timely manner after application of the tip credit, and otherwise failed to comply with the requirements of Md. Ann. Code LE Art. § 3-419, because of the wage deductions taken from the paychecks of Plaintiff and other similarly situated tipped employees.

54. Additionally, Plaintiff was not paid for all hours worked. For example, Plaintiff did not receive payment for a mandatory 2 ½ hour employee meeting.

55. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT III
### (MWHL - Failure to Properly Pay Overtime)

56. Plaintiff incorporates paragraphs 1-55 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants failed to compensate Plaintiff, and other similarly situated tipped employees, at a proper overtime rate after application of the so-called tip credit, for hours that Plaintiff worked in excess of forty hours in a work week in dual (tipped and non-tipped) occupations at a rate of not less than one and a half (1 ½) times Plaintiff's regular rate of pay, as computed under Md. Ann. Code LE Art. § 3-420.

57. Defendants' actions complained of herein constitute a violation of Section 3-415 of the

MWHL, because Defendants failed to compensate Plaintiff, and other similarly situated tipped employees, at a proper overtime rate after application of the so-called tip credit, for hours worked in excess of forty hours in a work week at a rate of not less than one and a half (1 ½) times the regular and applicable minimum wage as required by Maryland law.

58. As a result, Defendants owe Plaintiff, and other similarly situated tipped employees, overtime wages for all work weeks Plaintiff, and other similarly situated tipped employees, worked in excess of forty hours per week, when Plaintiff, and other similarly situated tipped employees, performed work in a dual occupation.

## COUNT IV
### (MWPCL Act – Unpaid Wages)

59. Plaintiff incorporates paragraphs 1-58 as set forth above, and states that the actions of Defendants, in failing to pay overtime wages in proper amounts when earned; in failing to pay any wages for a mandatory meeting; and deducting money from wage payments to cover various business losses or for disciplinary matters, represents separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

60. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime wages free and clear, as applicable under the MWHL.

61. That impliedly, by operation of law, Plaintiff, and other similarly situated tipped employees, was entitled to be paid statutory minimum wages and overtime wages by Defendants which have gone unpaid.

62. That there are no bona fide disputes between the parties as to the right of the Plaintiff, and other similarly situated tipped employees, to receive minimum wages without improper deduction or overtime wages when working dual occupations. Defendants knew, or should have

known, that they are a covered entity under the MWHL, and that Plaintiff performed work as an employee for which she was not properly compensated.

63. Plaintiff, and other similarly situated tipped employees, are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages and overtime wages, that have gone unpaid.

## Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work as tipped employees of BJ's receiving less than the full minimum wage ($7.25/hour); (ii) issue appropriate Notices as requested in Plaintiff's Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Certify the claims under the MWHL and the MWCPL as set forth in Counts II-IX as class actions (Maryland Minimum Wage and Overtime Classes) pursuant to Rule 23 of the Federal Rules of Civil Procedure.

(c) Order Defendants to pay Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation and proposed Maryland Minimum Wage and Maryland Overtime Class Members who fail to opt-out of

this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation and proposed Maryland Minimum Wage and Maryland Overtime Class Members who fail to opt-out of this litigation), pursuant to the FLSA and MWHL;

(d) Order Defendants to pay Plaintiff and the proposed Class Members all MWHL-mandated minimum and overtime wage payments determined by the Court to be due and owing to Plaintiff and the proposed Class Members under the MWHL as well as treble damages under the MWPCL;

(e) Award Plaintiff and proposed Class Members their attorneys' fees and costs in pursuing this action;

(f) Award Plaintiff and the proposed Class Members interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action; and

(g) Grant Plaintiff and the proposed Class Members any additional relief that the Court deems appropriate and just.

Respectfully submitted,

Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiff

## **Jury Demand**

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman