IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Judith H. Kusel,** *et al.* | * |
| *On behalf of herself and others similarly situated* | * |
| | * |
| **Plaintiffs** | * |
| | * |
| v. | Case No. 1:18-cv-01413-JMC |
| | * |
| **B J's On The Water, Inc.** *et al.* | * |
| | * |
| **Defendants** | |

## FLSA & RULE 23 PRELIMINARY APPROVAL ORDER

**WHEREAS**, before the Court is Kusel et al. v. BJ's On The Water, Inc., et al., 18-cv-01413-JMC (the "Action"), in which Plaintiffs Judith Kusel and Misty Pauling-Molnar, together with Defendants, BJ's On The Water, Inc., Madlyn M. Carder, and William R. Carder (collectively the "Settling Parties"), seek to settle and receive a preliminary approval of an FLSA/Fed.R.Civ.P. 23 Settlement Class under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage/Hour Law, Md. Ann. Code LE art. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection law, Md. Ann. Code LE art. § 3-501 *et seq.*;

**WHEREAS**, the Settling Parties have made an application for an order preliminarily approving the proposed settlement of the Action in accordance with the Joint Motion for Order Preliminarily Approving Settlement Agreement and Certifying the FLSA/Fed. R. Civ. P. 23(e) Settlement Class ("Motion for Preliminary Approval"), which together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Action (the "Settlement"), and for dismissal of the Action with prejudice;

**WHEREAS**, the Court, having read and considered the Motion for Preliminary Approval, as well as all the exhibits attached thereto, finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for the Settlement Class and appears to be the product of good-faith, informed, and non-collusive negotiations between experienced and able counsel for the Settling Parties;

**WHEREAS**, the Court also finds, that the representations by counsel set forth in the Motion for Preliminary Approval, and the representations made as reflected in the proposed Settlement Agreement, represents a fair compromise of the FLSA and Rule 23 MWHL and MWCPL claims made in this case.

**WHEREAS**, the Court also finds, upon a preliminary evaluation, that the Settlement Class should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and to appear at the Final Approval ("Settlement Hearing"); and

**WHEREAS**, except as otherwise expressly provided herein, all capitalized terms shall have the same meanings and/or definitions as set forth in the Motion for Preliminary Approval.

**NOW, THEREFORE**, based upon the Settlement Agreement and all of the files, records and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable and adequate, and that a hearing should and will be held on _November 12_, 2019, at _9:30 a.m._ after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable and adequate, and to determine whether a Final Order and Judgment should be entered in the Lawsuit:

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. ***Preliminary Class Certification.*** For purposes of the Settlement of the Action against the Defendants (and only for such purposes, and without an adjudication of the merits) and in light of the Motion for Preliminary Approval, the Court finds that the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and any other applicable law have been met as to the Settlement Class described in paragraph 4 below in that:

(a) the Settlement reflects a reasonable compromise over issues actually in dispute because the Parties have had an adequate opportunity to review the Class claims and Defendants' defenses, there is no evidence of fraud or collusion, and all Parties are of the opinion that the Settlement is fair and reasonable;

(b) the identities of the members of the Settlement Class are likely to be ascertainable from records kept by BJ's On The Water, Inc. and/or its agents, and from other objective criteria, and the members of the Settlement Class are so numerous (258 persons) that their joinder before the Court would be impracticable;

(c) Plaintiffs have alleged numerous questions of fact and law common to the Settlement Class; namely, whether minimum and overtime wages were properly paid and whether deductions from those wages were properly made;

(d) Plaintiffs allege that the Defendants engaged in conduct uniformly affecting members of the proposed Settlement Class and the Court preliminarily finds that Plaintiffs' claims in the Action are typical of the claims of the proposed Settlement Class;

(e) Plaintiffs allege a single course of conduct by the Defendants that affects all members of

the Settlement Class equally;

(f) Plaintiffs have and will fairly and adequately protect the interest of the proposed Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class; (iii) Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action; and (iv) Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex employment litigation class actions; and

(g) the Court finds, for settlement purposes only, that: (i) the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct for the Defendants; and (ii) Defendants are alleged to have acted or failed to act on grounds generally applicable to the Settlement Class, thereby making final equitable relief appropriate with respect to the Settlement Class as a whole, if Plaintiffs' allegations could be proven.

3. The Court does hereby preliminarily approve the Settlement Agreement, as attached to and described in the Motion for Preliminary Approval, subject to further consideration at the Settlement Hearing described below.

4. *Class Members.* Based on the findings set out in paragraph 2 above and pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for settlement purposes only, an opt-in settlement class consisting of any and all current or former tipped employees, including servers, bussers, and bartenders, who performed work at "BJ's On The Water" between May 15, 2015

and December 20, 2018, who during this period were paid less than $7.25/hour, when working forty (40) hours or less in a work week and/or who during this period were paid less than $10.88/hour, when working more than forty (40) hours in a work week. Excluded from the Settlement Class are Defendants, their officers and managers, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest.

5. *Class Counsel Appointment.* The Court appoints Howard B. Hoffman, Esq. and Jordan Liew, Esq. of Hoffman Employment Law, LLC, as Class Counsel because they meet all of the requirements of Fed.R.Civ.P. 23(g). All attorneys are well-versed in class action and wage/hour law. Class Counsel performed sufficient work identifying, investigating, prosecuting, and settling the FLSA and Rule 23 claims of Class Members. The work that Class Counsel has performed in litigating and settling this case demonstrates his commitment to the class and to representing the class' interests.

6. *CAFA Notice.* In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorney General of the State of Maryland.

7. *Final Approval (Settlement Hearing).* The Settlement Hearing shall be held before this Court on November 12, 2019, at 9:30 a.m., in the U.S. District Court for the District of Maryland, Baltimore Division, 101 W. Lombard Street, Baltimore, Maryland 21201, to determine: (i) whether the Settlement Class should be finally certified for settlement purposes; (ii) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by

the Court; and (iii) whether the Action should be dismissed with prejudice; (iv) whether the Court should approve an award of attorneys' fees and expenses to Plaintiffs' Counsel in the Action (and the manner in which such an award shall be made in the event that the Parties' are unable to negotiate the amount of such award); and (v) other such terms as may be necessary or desirable depending on the needs of the case. The Court may adjourn and reschedule the Settlement Hearing for hearing without further notice to members of the Settlement Class.

8. ***Deferral of Fees/Costs.*** An award of attorneys' fees and costs shall be deferred pursuant to the terms of the Settlement Agreement. If the fees/costs are subject to a negotiated settlement, including an agreement on the manner or method in which fees/costs will be decided by the Court, the parties will include in their Final Motion for Approval, the proposed terms. If the Parties cannot reach any resolution, then Class Counsel shall file a Motion for Attorneys' Fees and Costs within fifteen (15) days of the Final Approval Order, and the briefing will follow the procedures set forth in the Local Rules of this Court.

9. ***Written Notice.***

   a. The Court approves, as to form and content, the Notice of Wage/Hour Class Action Settlement, Settlement Hearing and Claims Procedure (the "Notice") and finds that the provisions of the Notice, substantially in the manner and form set forth in Exhibit 1-C to the Motion for Preliminary Approval, meets the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of Notice, such as the inclusion of specific deadline dates consistent with the requests set forth in the Motion for Preliminary Approval, may be made without

further approval of the Court.

b. Class Administrator shall provide notice to Class Members (except to Class Members who have filed Opt-Out notices), as to the amount of fees/costs sought by Class Counsel, on the same date the Parties file the Joint Motion for Order for Final Certification. The Court will determine if additional notice is necessary as to any contested Motion for Attorneys' Fees and Costs.

c. The Court approves, as to form and content, the Notice of Class Counsel's Motion for Attorneys' Fees and Costs (the "Attorneys' Fees and Costs Notice") and finds that the provisions of the Attorneys' Fees and Costs Notice, substantially in the manner and form set forth in Exhibit 1-D to the Motion for Preliminary Approval, meets the requirements of Federal Rules of Civil Procedure 23(h) and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members entitled thereto. Non-material changes to the form of Notice, such as referencing whether the fees/costs have been negotiated or remain contested to the resolved by the Court, and the inclusion of specific deadline dates consistent with the requests set forth in the Motion for Preliminary Approval, may be made without further approval of the Court.

10. ***Administration.*** Hoffman Employment Law, LLC, or its successor(s), shall be responsible for providing Notice of the Settlement to the members of the Settlement Class and shall pay all reasonable costs and expenses incurred in providing notice of the Settlement to the members of the Settlement Class.

11. The Parties, and Hoffman Employment Law, LLC (serving as Class Administrator), shall adhere to and perform their respective duties and responsibilities under the Settlement

Agreement, including, but not limited to:

    a.    Within five (5) calendar days of the entry of this Order, Defense Counsel will provide Hoffman Employment Law, LLC with a list, in electronic form, of the names, last known addresses and of all Maryland Wage Class Members during the relevant time period (May 15, 2015 through December 20, 2018).

    b.    Within ten (10) calendar days after receiving the name/address information from Defense Counsel, Hoffman Employment Law, LLC shall mail or cause the Notice and Settlement Claim and Release of Claims Form to be mailed by First–Class Mail to all eligible persons forming the proposed class, consistent with the terms of the proposed settlement agreement between the parties. Class Counsel shall notify the Court promptly of the date in which this mailing occurs.

Additionally, for any returned mail, Hoffman Employment Law, LLC shall send a text message, including a link to the Notice and Settlement Claim and Release of Claims Form, consistent with section V.2.c of the proposed settlement agreement between the parties.

    c.    Any Member of the Settlement Class who choose to "opt-out" must submit a written and signed request for exclusion to Hoffman Employment Law, LLC, with postmark within thirty (30) calendar days after the initial mailing of the Notice.

    d.    Within three (3) business days of receipt of each opt-out statement that it receives, Hoffman Employment Law, LLC shall email copies of each opt-out statement to Defense Counsel, together with the envelope in which it was received.

    e.    Within eight (8) days of the conclusion of the thirty (30) calendar days after the initial mailing of the Notice, Hoffman Employment Law, LLC shall file with the Clerk of

the Court copies of any opt-out statements and send via email to Defense Counsel a final list of all Opt-Out Statements received.

f.  Any Member of the Settlement Class who chooses to "opt-in" must submit a signed Settlement Claim and Release of Claims Form to Hoffman Employment Law, LLC. If the Settlement Claim and Release of Claims Form is returned via First Class United States mail, it must be postmarked no later than thirty (30) calendar days after the initial mailing, and actually received no later than thirty-seven (37) calendar days after the initial mailing. If the Settlement Claim and Release of Claims Form is returned via any other means, it must actually be received no later than thirty (30) calendar days after the initial mailing.

g.  The Class Administrator shall notify and email copies of each Settlement Claim and Release of Claims Form to Class Counsel and Defense Counsel promptly after receipt, but no later than at the conclusion of the thirty (30) calendar days after the initial mailing of the Notice.

h.  Within eighteen (18) days of the end of the Opt-In Period, Hoffman Employment Law, LLC shall file with the Clerk of Court copies of any Settlement Claim Form and Release of Claims forms that are timely received.

i.  Hoffman Employment Law, LLC shall mail or cause the Attorneys' Fees and Costs Notice to be mailed by First-Calls Mail to all eligible Class Members on the same date the Parties file the Joint Motion for Final Certification, or as otherwise directed by the Court.

12. *Objections.* Any Member of the Settlement Class may comment on or object to the Settlement. Any such Person should mail or hand deliver a written Notice of Objection such that

it is filed with the Clerk of the Court and mailed to Class Counsel and Defense Counsel by June 14, 2019.

Written notices of objections should: (i) demonstrate the objecting Person's membership in the Settlement Class; (ii) contain a statement of the reasons for objection; and (iii) contain a statement of intent to be heard if the objecting person or his/her/its lawyer requests to address the Court at the Settlement Hearing, a description of any law or case supporting the objection and copies of any documents sought to be presented in support of the objection.

Additionally, any Member of the Settlement Class who has not filed an Opt-Out Notice may comment on or object to the proposed negotiated resolution of attorneys' fees/costs or any Motion for Attorneys' Fees and Costs to be filed by Class Counsel. Any such person must mail or hand deliver their written comments and/or objections with respect to the issues of fees/costs, such that it is filed with the Clerk of the Court and served on Class Counsel and Defense Counsel by the date that will be listed within the Attorneys' Fees and Costs Notice.

Any Member of the Settlement Class may, but is not required to, have an attorney enter an appearance in the Action, at his/her own expense, individually or through counsel of his/her own choice. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the United States District Court for the District of Maryland. Any Member of the Settlement Class who does not have an attorney enter an appearance will be represented by Class Counsel.

13. No later than October 21, 2019, all briefs supporting the Settlement shall be served and filed. No later than October 29, 2019, all responses to any objections shall be served on the objector and filed with the Court.

14. Any Member of the Settlement Class who does not make his, her, or its objection to the Settlement before or at the Settlement Hearing shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the Settlement.

15. All Members of the Settlement Class (and his/her heirs, personal representatives, and assigns) shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

16. If the Settlement does not become Final for any reason, the Settlement and the settlement documents shall be null and void and of no force and effect. In such event, the Settling Parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the Motion for Preliminary Approval, (except to the extent that the Parties consented to the assignment of a U.S. Magistrate Judge, which shall remain effective), as though it were never executed or agreed to, and the Motion for Preliminary Approval shall not be deemed to prejudice in any way the positions of the Settling Parties with respect to the Action, or to constitute an admission of fact by any Settling Party, shall not entitle any Settling Party to recover any costs or expenses incurred in connection with the implementation of the Motion for Preliminary Approval or the Settlement, and neither the existence of the Motion for Preliminary Approval nor its contents shall be admissible in evidence or be referred to for any purposes in the Action, or in any litigation or judicial proceeding, other than to enforce the terms therein.

17. All proceedings in the Action, except for those proceedings related to the Settlement, shall be stayed until the resolution of all such Settlement-related proceedings.

18. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve

the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

**SO ORDERED.**

5/31/19
Date

_____
Hon. J. Mark Coulson
United States Magistrate Judge
United States District Court for the District of Maryland