## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Judith H. Kusel, *et al.* | * | |
| *On behalf of herself and others similarly situated* | * | |
| | * | |
| **Plaintiffs** | | |
| | * | |
| v. | | **Case No. 1:18-cv-01413-JMC** |
| | * | |
| B J's On The Water, Inc. *et al.* | | |
| | * | |
| **Defendants** | | |
| | / | |

### FINAL JUDGMENT APPROVING SETTLEMENT AND
### CERTIFYING SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement filed on May 22, 2019 (the "Settlement Agreement"), by and between Plaintiff Judith Kusel (acting individually and on behalf of the Class defined below – hereinafter referred to as "Class Representative" or "Named Plaintiff") and Defendants BJ's On The Water, Inc., Madlyn M. Carder, and William R. Carder, (hereinafter referred to as "Defendants"), the memoranda and arguments of counsel, and the lack of any objections to the settlement,

**IT IS HEREBY ORDERED** and **ADJUDGED** as follows:

1.      The parties' Joint Motion For Order Finally Approving Settlement Agreement and Certifying The FLSA/Fed.R.Civ.P. Rule 23(e) Settlement Class is **GRANTED**.

2.      The Settlement Agreement (ECF Doc. 37-1) that resolves the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") claims of the Class Representative, the one (1) FLSA Opt-In Plaintiff who initially joined the lawsuit, and all those Class Members who filed a

Settlement Claim and Release of Claims Form during certification of a Class Action (*see* ECF Doc. 41-84) is **APPROVED** as a reasonable and fair compromise of the FLSA claims of the Class Representative, the Opt-In Plaintiff, and all those Class Members who filed a Settlement Claim and Release of Claims Form.

3.      Furthermore, and pursuant to FED. R. CIV. P. 23, the Court approves the settlement of this action, and the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Class Members in light of the factual, legal, practical and procedural considerations raised by this case.  The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.  The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby adopted as an Order of this Court and becomes part of the final judgment in this action.  In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail, except as to timing of payments by Defendants.

4.      For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. P. 23(a) and 23(b)(3), the Court hereby finally certifies the following Class defined as follows:

> Any current or former tipped worker, including servers, bussers, and bartenders, who performed work at "BJ's On The Water" between May 15, 2015 and December 20, 2018, who during this period was paid less than $7.25/hour, when working forty (40) hours or less in a work week and/or who during this period was paid less than $10.88/hour, when working more than forty (40) hours in a work week.

5.      The Court finds that the notice previously given to Class Members was in compliance with the Rule 23 Preliminarily Approval Order dated March 29, 2019 (ECF No. 115) and constituted the best notice practicable under the circumstances and satisfies the requirements of due process and FED. R. CIV. P. 23.

6.    The Court finds that no Class Members have timely elected to exclude themselves from the settlement.

7.    The Court appoints Judith Kusel as the Representative Plaintiff of the Class and finds that she meets the requirements of FED. R. CIV. P. 23(a)(4).

8.    The Court appoints the following lawyers as Class Counsel, and finds that these counsel meet the requirements of FED. R. CIV. P. 23(a)(4):

> Howard B. Hoffman, Esq.
> Hoffman Employment Law, LLC
> 600 Jefferson Plaza, Suite 204
> Rockville, Maryland 20852

9.    The Court further finds that all the requirements for class certification are met in this case:

   a.  **The Prerequisites of FED. R. CIV. P. 23**:

FED. R. CIV. P. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

**FED. R. CIV. P. 23(a)(1) (numerosity)**: The proposed Class in this action consists of 258 potential individuals, not including the Class Representative. This Court finds the Class is so numerous that joinder would be impracticable in this case. Thus, the Court finds that the numerosity requirement under FED. R. CIV. P. 23(a)(1) is satisfied.

3

**FED. R. CIV. P. 23(a)(2) (commonality of facts and law):** Named Plaintiff alleges in this case that Defendants failed to comply with Maryland law under the Maryland Wage Hour Law, Md. Code Ann., Lab. & Employ. §§ 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Lab. & Employ. §§ 3-501, *et seq.* ("MWPCL"). Named Plaintiff also asserts that the Defendants violated the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendants dispute Named Plaintiff's assertions and deny liability. The Court finds that a determination of the legality of Defendants' wage practices with respect to the Named Plaintiff as well as the other Class Members concerns common questions of law and fact. As such the Court finds the requirements of FED. R. CIV. P. 23(a)(2) are satisfied.

**FED. R. CIV. P. 23(a)(3) (typicality of claims and defenses):** The Named Plaintiff's claims are identical to the claims asserted for every other Class Member, and all arise from the Named Plaintiff's allegations that Defendants engaged in numerous practice made unlawful under the MWHL; namely, the alleged failure to properly calculate overtime and impermissible deductions from wages. Furthermore, the defenses to liability are similar as to every Class Member. Thus, the Court finds that the requirement of typicality under FED. R. CIV. P. 23(a)(3) is satisfied.

**FED. R. CIV. P. 23(a)(4) (adequate representation):** The Named Plaintiff's claims are not conflicting or inconsistent with any Class Member's claims. Moreover, the Court finds that Named Plaintiff is represented by able counsel with extensive experience in class action litigation, who have adequately represented the

4

interests of the Class.  Thus, the Court finds that the requirement of adequate representation under FED. R. CIV. P. 23(a)(4) is satisfied.

**b.  Requirements of FED. R. CIV. P. 23(b):**

After the requirements of FED. R. CIV. P. 23(a) are found to exist, the Court must determine pursuant to FED. R. CIV. P. 23(b) whether this case may be maintained as a class action under FED. R. CIV. P. 23(b)(1), (b)(2) or (b)(3).

**FED. R. CIV. P. 23(b)(3):**  This Court finds that the allegations in this case focus on alleged uniform and consistent policies and practices and that there are common, overriding legal claims held by all Class Members regarding whether the wages paid to them satisfied minimum wage standards.  The Court further finds that the pursuit of numerous individual cases, which would be essentially identical, would be a waste of judicial time and resources.  In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit.  Certification under FED. R. CIV. P. 23(b)(3) is appropriate.

10.    After due consideration of the state of proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Named Plaintiff's case on the merits; the existence of difficulties of proof and defenses Plaintiff would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the solvency of Defendants and the likelihood of recovery on a litigated judgment; the lack of opposition to the settlement; the absence of any timely opt-outs from this settlement by Class Members; the lack of any objections to this settlement; all written submissions; affidavits and arguments of counsel; and after notice and a

hearing, this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including Class members. Each Class Member shall be bound by the Agreement, including the releases in the Settlement Agreement.

11.    The parties are hereby **ORDERED** promptly to carry out their respective obligations under the Settlement Agreement. Defendants are hereby **DIRECTED** to make payments to those Class Members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement, and as set forth in the attached spreadsheet. (Exh. 2). Pursuant to the terms of the Settlement Agreement, Defendants shall be responsible for all employer-side payroll taxes and shall not reduce any of the monetary payments, except to withhold for employee-side tax withholdings, and to accurately issue all appropriate IRS Forms W-2 and 1099. Defendants shall remit any withholdings in accordance with existing law.

12.    In addition, and in accordance with paragraphs III.6 of the Agreement, Defendants are hereby **DIRECTED** to make payment of the agreed-upon $3,250.00 in class administration fees and costs to Hoffman Employment Law, LLC.

13.    In accordance with the Agreement, and in accordance with paragraph III.4 Defendants are hereby **DIRECTED** to make a service payment of $8,500.00 to Class Representative Kusel.

14.    All Released Claims of each Opt-In Claimant (as that term is defined in the Settlement Agreement) are hereby dismissed with prejudice.

15.    All Released Claims of the Class Representative (as that term is defined in the Settlement Agreement) are hereby dismissed with prejudice.

6

16.     All Released Claims of each Maryland Wage Class Member (as that term is defined in the Settlement Agreement), including those who have not opted into this litigation, are hereby dismissed with prejudice.

17.     Each and every Opt-In Claimant is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph VII.1 of the Settlement Agreement, including but not limited to, claims under the FLSA, MWHL, and MWPCL.

18.     The Class Representative and FLSA Opt-In Plaintiffs are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph VII.2 of the Settlement Agreement, including but not limited to, claims under the FLSA, MWHL, and MWPCL.

19.     Each and every Maryland Wage Class Member (as that term is defined in the Settlement Agreement) is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph VII.3 and/or VII.4, including but not limited to claims under the MWHL and MWPCL, and FLSA claims.

20.     The parties have reached a settlement as to attorneys' fees and costs, subject to approval by the Court. By November 15, 2019, Plaintiffs' counsel will file a motion for fees and costs in the amount of $98,000, which Defendants will join or not oppose, and will provide notice of the motion to class members. A copy of the form of the notice is attached. If the Court grants the motion for fees and costs, it will do so after December 4, 2019, in order to provide the class sufficient opportunity to respond to the notice.

21.     Fifteen (15) days after entry of an Order approving attorneys' fees and costs, the Defendants shall deliver to Claims Administrator checks drawn on a United States bank, in United States Dollars, and payable to a) each of the Claimants in the total amounts payable as provided in ¶ VI.1 of the Settlement Agreement, and b) Plaintiffs' attorneys in the total amount of $101,250.00, which amount shall include attorneys' fees and costs of $98,000.00 plus the fees of the Claims Administrator in the amount of $3,250.00.

22.     The Court approves the terms of the Parties' Settlement Agreement, declares the Plaintiffs to be the prevailing party, and further states that all claims have been resolved.

23.     This Court retains continuing jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement, including but not limited to, deciding the amount of reasonable attorneys' fees and costs to be awarded to Class Counsel, the terms by which Defendants will pay them, and the supervision of the payments to be made pursuant to the Parties' Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT

Dated: November 14, 2019.

Hon. J. Mark Coulson
U.S. Magistrate Judge
U.S. District Court for the
District of Maryland

8