## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Judith H. Kusel,** *et al.* | * | |
| *On behalf of herself and* *others similarly situated* | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | | **Case No. 1:18-cv-01413-JMC** |
| | * | |
| **B J's On The Water, Inc.** *et al.* | * | |
| | * | |
| **Defendants** | * | |
| _____/ | | |

## PLAINTIFFS' *UNOPPOSED* MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Judith Kusel ("Plaintiff"), on behalf of herself and others similarly situated, files this Unopposed Motion for an Award of Attorneys' Fees and Costs, pursuant to a settlement reached in in this case, brought under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Ann. Code LE art. § 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Ann. Code LE art. § 3-501 *et seq.*

## I.    INTRODUCTION

As announced at the Final Fairness Hearing, the parties have reached a compromise over the amount of attorneys' fees and costs to be paid by Defendants to Hoffman Employment Law, LLC ("Class Counsel") in the above-referenced case.  Accordingly, Plaintiffs file this unopposed Motion for Attorneys' Fees and Costs pursuant to the approved terms of the Settlement Agreement allowing the Court to determine the reasonable attorneys' fees and costs to be awarded Plaintiffs' counsel in this case (ECF Doc. 37-1) and (ECF Doc. 93); Fed. R. Civ. P. 23(h); Fed. R. Civ. P. 54(d)(2)(A), and Local Rule 109.2.

## II.   STANDARD OF REVIEW

"[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Saman v. LBDP, Inc., No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013); see also Kianpour v. Restaurant Zone, Inc., et al., DKC 11-0802, 2011 WL 5375082, *3 (D. Md. Nov. 4, 2011). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" Lane v. Ko–Me, LLC, No. DKC–10–2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)) (citation omitted).

There is a three-step process to determine a reasonable attorney fee award. Randolph et al. v. Powercomm Constr., Inc., No. 16-2370, 715 Fed.Appx. 227, 230 (4th Cir. 2017) (citing McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). "To properly calculate an attorney's fee award, courts undertake a three-step process:  (1) determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful one; and (3) evaluate the degree of success of the plaintiffs." Randolph et al. v. PowerComm Constr., Inc., No. 18-1728, -- Fed.Appx. --, 2019 WL 3072555, at *4 (4th Cir. July 11, 2019) (per curiam).

## III.   FACTS

This case was filed in May of 2018. See ECF Doc. 1.  The Plaintiffs principally relied on the legal services of Howard B. Hoffman ("Hoffman"), principal attorney of Hoffman Employment Law, LLC ("Hoffman Law").  Hoffman was also assisted by four other individuals who devoted time to this case, and who are/were employed by Hoffman Law: (1) Jordan S. Liew, Esq. ("Liew");  (2) Gregory B. Herbers, Esq. ("Herbers"); (3) Scott E. Kraff, Esq. ("Kraff"); and (4) Timothy J. McGarry ("McGarry").

2

Plaintiffs seek reasonable compensation for the time that these lawyers spent prosecuting this case. Plaintiffs seek costs incurred, as detailed below.

Plaintiffs will first start by setting forth each individual's hourly rate claim, general responsibilities with respect to this litigation, and the total number of hours performed.

A.      **Hourly Rate And General Responsibilities**

   i.      **The Hourly Rate, Responsibilities/Role, and Number of Hours Performed By Hoffman**

(a)      **Hourly Rate – Hoffman**

Hoffman was admitted to the Maryland Bar in December 1999 and this Court's bar in January 2000. A detailed biography for Hoffman, as set forth in his Declaration, is attached hereto as Exhibit 1. (The time records maintained by Class Counsel (in chronological format) are attached hereto as Exhibit 1-A).

(b)      **General Responsibilities – Hoffman**

Hoffman was sought out and retained by Plaintiff, Ms. Judith Kusel, regarding a grievance that she had concerning the manner in which the Defendants were paying their restaurant servers.

Hoffman drafted the initial complaint; interviewing and handing client communications; reviewed and revised specialized written discovery; was primarily responsible for a discovery dispute involving wage documents (see (ECF Doc. 28); was the chief architect and supervised the Motion for Conditional Certification, lead settlement negotiations with the Defendants; supervised the settlement process; and prepared the instant Motion. Mr. Hoffman has also been involved in retaining an expert witness, supervising associate attorneys, and otherwise managing the strategies and coordinating/delegating the roles of Plaintiffs' counsel and assigning/supervising tasks so that the case was efficiently and effectively managed. (Exh. 1; Hoffman Decl. ¶ 11).

**(c)      Number of Hours Billed – Hoffman**

Plaintiffs seek compensation for 103.3 hours of Hoffman's attorney time.  (Exh. 1-A).

**ii.      The Hourly Rate, Responsibilities/Role, and Number of Hours Performed By Liew.**

Liew was admitted to the Maryland Bar in 2016 and this Court's bar in June 2018.  A detailed biography for Liew, as set forth in his Declaration, is attached hereto as Exhibit 2.

**(a)      Hourly Rate – Liew**

Plaintiffs seek $215.00 an hour (billed to the tenth of an hour) for all attorney time spent by Liew representing the Plaintiffs in this matter.[1]

**(b)      General Responsibilities – Liew**

Liew began with Hoffman Law in late May 2018, shortly after the filing of this lawsuit. Liew has been heavily involved and instrumental in drafting all settlement documents, which were complex given the many damage formulas in this case.  Liew assisted and supervised economic damage experts; communicated with clients; communicated with opposing counsel; drafted the Motion for Preliminary Approval (ECF Doc. 37) and Motion for Final Approval (ECF Doc. 90). The hourly records of all counsel reveal that Liew has spent more hours working on behalf of these Plaintiffs than any other lawyers in this case.  Since beginning with Hoffman Law, Liew quickly assumed responsibility for major aspects of this case.

---

[1]      While it is true that Liew's hourly rate was $205/hour prior to July 1, 2019, given his increased experience (leading to greater responsibilities), Hoffman Law is seeking $215/hour for all of Liew's time. Missouri, 491 U.S. at 283-84 ("We agree, therefore, that an appropriate adjustment for delay in payment – whether by application of current rather than historic rates or otherwise – is within the contemplation of the statute."); Daly v. Hill, 790 F. 2d 1071, 1081 (4th Cir. 1986) (the Court may grant "current market rates, or it may increase the lodestar to counterbalance the effect of inflation and foregone interest on the value of the fee.")

### (c)   Number of Hours Billed – Liew

Plaintiffs seek compensation for 211.8 hours of Liew's time as an attorney.  (Exh. 1; Hoffman Decl. ¶ 7; Exh. 1-A).

### iii. The Hourly Rate, Responsibilities/Role, and Number of Hours Performed By Herbers

Herbers was admitted to the California Bar in 2015 and the Maryland bar in December 2018.  A description of Herbers' background is set forth in Hoffman's Declaration.  (Exh. 1; Hoffman Decl. ¶ 9.  Herbers is a former associate of Hoffman Law.

### (a)   Hourly Rate – Herbers

Plaintiffs seek $205.00 an hour (billed to the tenth of an hour) for all attorney time spent by Herbers representing the Plaintiffs in this matter.

### (b)   General Responsibilities – Herbers

Herbers worked as an associate attorney for Hoffman Law from early August 2018 to April 2019.  Herbers' role in this case is admittedly less involved than Liew.  (Exh. 1; Hoffman Decl. ¶ 30).  Herbers was involved in drafting the Motion for Conditional Certification and written discovery.

### (c)   Number of Hours Billed – Herbers

Plaintiffs seek compensation for 51 hours of Herber's time as an attorney.  (Exh. 1-A).

### iv. The Hourly Rate, Responsibilities/Role, and Number of Hours Performed By Kraff

Kraff was admitted to the Maryland Bar in 2016 and this Court in June 2019.   A detailed biography for Kraff, as set forth in his Declaration, is attached hereto as Exhibit 3.  Kraff began working at Hoffman Law in mid-April 2019.

#### (a)    Hourly Rate – Kraff

Plaintiffs seek $205.00 an hour (billed to the tenth of an hour) for all attorney time spent by Kraff representing the Plaintiffs in this matter, after exercising billing discretion.

#### (b)    General Responsibilities – Kraff

Kraff has worked as an associate attorney for Hoffman Law since April 15, 2019.  As this case has been largely settled since this time, Kraff's time has largely been supportive.  (Exh. 3; Kraff Decl. ¶ 5).

#### (c)    Number of Hours Billed – Kraff

Plaintiffs seek compensation for 6.3 hours of Kraff's time as an attorney.  (Exh. 1-A).

### v.  Law Clerk Time

#### (a)    Timothy J. McGarry

McGarry performed worked as a law clerk for Hoffman Law.  McGarry is a 2019 graduate of the George Washington University School of Law. McGarry has passed the District of Columbia bar examination and is pending admission to the District of Columbia bar.  McGarry has assisted Hoffman Law by communicating with class members, by providing tax and other status advice post-final approval.  McGarry has collected all of the IRS Forms W-4 and W-9 required under the settlement agreement.  For this work, reimbursement for McGarry's time (10.6 hours) is sought at $150.00/hour, for a total of $ 1,590.00.

### viii. Costs/Expenditures Of Which Reimbursement is Sought.

Here, counsel for the Plaintiffs attests that the following charges were incurred in the course of the litigation and are billed to fee paying clients:

| Filing Fee | $400.00 | |
|---|---|---|
| Postage & Delivery | $625.14 | |
| Expert Witness | Michael Kimel, Ph.D | $7,715.00 |

| Service of Process (Initial) | $120.00 |
|---|---|
| Mileage (final fairness) | $50.60 (92 miles @ .55/mile) |
| Parking | $12.00 |
| Copy Charges | $620.00 |
| Tolls (ICC) | $6.50 |

All of these expenses were necessarily incurred in the prosecution of this case and would be billed to fee paying clients. (Exh. 1; Hoffman Decl. ¶ 12).

Plaintiffs seek a total of $9,549.24 to cover costs. Plaintiffs have *waived* the right to recover the costs associated with electronic legal research utilized by Hoffman Law (WESTLAW). (Exh. 1; Hoffman Decl. ¶ 13).

**B.    Detailed Description of Work Performed**

As this Motion is unopposed, Plaintiffs state that the work that was performed since May 2018 involved the following:

1. Drafting the Complaint/Initial Investigation/Communication With Client

2. Answer / Appearance of Counsel

3. Filing Additional Opt-In

4. Service of Written Discovery (Including Subpoenas)

5. Handling Written Discovery Dispute

6. Drafting Motion for Conditional Certification

7. *Extensive and Prolonged* Settlement Negotiations

8. Drafting and Filing of Settlement Related Documents

9. Supervision of Settlement Claim Process

10. Supervision of Calculation of Damages

11. Negotiation Regarding Fees/Costs

12. Final Approval/Fairness Hearing/Motion For Fees/Costs

## IV.   ARGUMENT

Class Counsel expended a tremendous effort in bringing about this settlement on behalf of 258 class members.  Defendants' denied liability and after discovery was exchanged, engaged in extensive and prolonged settlement negotiations.

### A.  Lodestar Method:  Reasonable Hourly Rates Multiplied By Reasonable Number of Hours.

#### i.   The Sought-After Hour Rates Are Reasonable.

Plaintiffs seek $400.00 an hour (billed to the tenth of an hour) for all attorney time spent by Hoffman representing the Plaintiffs in this matter.  This rate is within the range for attorneys' fees provided in Lodestar Guidelines.  Three years ago, Hoffman was awarded an hourly rate of $400.00 by this Court in Jackson et al. v. Egira, LLC, et al., RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016) (granting Hoffman an hourly rate of $400/hour, over objection).

Recently, this $400/hour rate for Hoffman was recognized as both presumptively reasonable because "this rate is well within the range listed in the Guidelines in the Local Rules for attorneys with between fifteen (15) to nineteen (19) years of experience." Dominguez, et al. v. Microfit Auto Parts, Inc., CBD 18-0534, 2019 WL 423403, *6 n.4 (D. Md. Feb. 4, 2019).  The Dominguez decision also observed that "this rate is reasonable considering Mr. Hoffman's years of experience in wage and hour law." Id.  In December 2019, Hoffman will have been admitted to the Maryland Bar for 20 years, having only practiced employment and labor law.

Plaintiffs submit that the requested hourly rate for Liew should be approved based on his superior education credentials, his years of attorney experience, and the responsibilities handled in this case.  In Matias Guerra v. Teixeira, 2019 WL 3927323 at *5 (D. Md., Aug. 20, 2019), Judge Charles B. Day awarded $225.00 to an attorney who graduated from law school in 2016.

8

As for Herbers, the rate of $205/hour was approved by the Court in <u>Dominguez, et al. v. Microfit Auto Parts, Inc.</u>, CBD 18-0534, 2019 WL 423403, *6 n.4 (D. Md. Feb. 4, 2019).  For Herbers, the Court observed that the requested rate was presumptively reasonable as it was "within the range listed in the Guidelines in the Local Rules for attorneys with less than five (5) years of experience." <u>Id.</u>  Plaintiffs submit that the same logic supports a $205/hour reimbursement rate for Kraff, who like Liew, is a 2016 graduate of the Georgetown Law Center and also has years of experience involving employment law.  The requested rates are the same rates Hoffman Law charges for the work performed by Liew, Herbers, Kraff for fee paying clients.  (Exh. 1; Hoffman Decl. ¶ 29).

## ii.  The Sought After Hours Are Reasonable.

Plaintiffs have thoroughly accounted for their time and detailed the work that was performed in this case.  Overall, the Plaintiffs maintain the case was properly staffed and that attorney time was effectively managed. <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292, 1302 (11th Cir. 1988) ("there is nothing inherently unreasonable about a client having multiple attorneys.").  Class Counsel appropriately delegated tasks to attorneys with lower billing rates.  Multiplying the reasonable hourly rates of counsel against the reasonable number of hours expended on this litigation, the Plaintiffs submit that the total value of fees, is no less than $98,890.50.  This can be broken down as follows:   (i) Hoffman - $41,280.00; (ii) Liew - $44,274.00; (iii) Kraff - $1,291.50; (iv) Herbers - $10,455.00; and (v) McGarry - $1,590.00.

Additionally, costs in the amount of $9,549.24 are sought.

The total value of fees and costs is thus $108,439.74  Because the parties have agreed on a recovery of $98,000.00, the fees and costs have been appropriately discounted.

### iii. Application of the <u>Johnson</u> Factors

As stated by this Court, the Fourth Circuit has noted with approval that determination of the lodestar often subsumes consideration of many of the <u>Johnson</u> factors. <u>Amaya</u>, 2018 WL 690838, at *2. Following <u>Perdue</u>, <u>supra</u>, it is unclear whether <u>Johnson</u> informs the calculation of the lodestar or whether it should instead be used to make an upward or downward adjustment to the lodestar, or whether it should serve both purposes. <u>Id.</u> Nevertheless, Plaintiffs submit that the <u>Johnson</u> factors provide no reason for any downward departure.

**(1)    Time and Labor Required**:   This factor collapses into the calculation of reasonable number of hours.   To the extent it does not, a review of the time is reasonable, particularly considering this case was certified as a "hybrid" class action, involved 44 claimants, and similarly involved a significant amount of data to be reviewed and analyzed "in order to ascertain where the parties differed in terms of the number of hours for which Plaintiffs were not compensated." <u>Dominguez</u>, <u>supra</u> at *5.   No downward departure is warranted.

**(2)    Novelty and Difficulty of the Questions Presented**: This factor collapses into the calculation of reasonable number of hours. To the extent it does not, this case involved wage/hour legal issues Plaintiffs' counsel was very familiar with it, but also novel issues of fact and law relating to the deductions from subminimum wages and overtime calculated at two (or more) wage rates. No downward departure is warranted based on this factor.

**(3)    Skill Required to Perform the Necessary Legal Services**: The reasonable hourly rate subsumes this factor. No downward departure is warranted.

     **(4)**     **Preclusion of Other Employment:**[2] There are always opportunity costs. Hoffman Law is a small law firm with three lawyers. Hoffman Law heavily invested substantial time to this case since May 2018. No downward departure is warranted.

     **(5)**     **Customary Fee for Similar Work**: The reasonable hourly rate subsumes this factor. No downward departure is warranted.

     **(6)**     **Attorneys' Expectations at Outset**: The reasonable hourly rate subsumes this factor. No downward departure is warranted.

     **(7)**     **Time Pressures Imposed In Case**: This factor collapses into the calculation of reasonable number of hours. No downward departure is warranted.

     **(8)**     **Award Involved and the Results Obtained**: This factor would seem to collapse into the second and third step of the fee analysis, i.e., subtraction of unsuccessful claims and degree of success. Matias Guerra, 2019 WL 3927323, at *7. Accordingly, undersigned will address it in those steps. In any event, counsel is unaware of fellow members of the bar persistent enough to recover a settlement, with these attractive multipliers, in a case like this. No downward departure is warranted here, or in steps two and three.

     **(9)**     **Experience, Reputation, and Ability of the Lawyer**: The reasonable hourly rate subsumes this factor. No downward departure is warranted.

     **(10)**     **The Undesirability of Case:**[3] This factor would seem to be used to *enhance* a fee. To be sure, few lawyers have an appetite for multi-year odysseys, committing both Firm personnel

---

[2]     In Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.8 (4th Cir. 1978), the Fourth Circuit altered the description of some of the Johnson factors, including this factor. This factor was revised by Barber as the "attorneys' opportunity costs in pressing the instant litigation." Id.

[3]     Barber refers to this factor as the "undesirability of the case within the legal community in which the suit arose." Barber, 577 F.2d at 226 n.28.

and monetary resources to an uncertain recovery.   Nevertheless, this provides no basis to reduce/enhance the lodestar fee.

(11)   **Nature/Length Of Lawyer/Client Relationship**:   No downward departure is warranted based on this factor.

(12)   **Fee Awards made in Similar Cases**:   No downward departure is warranted based on this factor.

Having applied the <u>Johnson</u> factors to either inform or determine the reasonable number of hours, the Plaintiffs turn to steps 2 and 3 of the fee analysis.

**B. Subtracting Unsuccessful Claims**

"After determining that the hours expended and the attendant rates requested by a lawyer for a prevailing party are reasonable, a court is obliged to 'subtract fees for hours spent on unsuccessful claims unrelated to the successful one.' " <u>McAfee v. Boczar</u>, 738 F.3d 81, 91 (4th Cir. 2013) (citation omitted).  However, "claims" are not defined as "motions," and Courts should not excise time for each unsuccessful granular step in litigation.  <u>Jones v. Southpeak Interactive Corp. of Del.</u>, 777 F.3d 658, 676 (4th Cir. 2015) (observing that Courts should not reduce a fee award "simply because the plaintiff failed to prevail on every contention raised in the lawsuit."). As this Court observed in <u>Imgarten v. Bellboy Corporation, et al.</u>, 383 F.Supp.2d 825, 839-40 (D. Md. 2005) (Legg, J.), "[a] plaintiff who was unsuccessful at a stage of litigation that was, nevertheless, a necessary step to ultimate victory is entitled to attorneys' fees even for the unsuccessful step." <u>Imgarten</u>, 383 F.Supp.2d at 839; <u>accord</u> <u>Durham v. Jones</u>, 10-2534, 2012 WL 3985224, *8 (D. Md. Sept. 10, 2012) ("Though some of this time was expended pursuing what ultimately were unsuccessful claims, the Court recognizes that such hours were expended in

furtherance of the litigation of the case as a whole and centered on a common core of facts and related legal theories.")

Here, there are no claims that were unsuccessful.  Moreover, in the course of negotiating the fees in this case, counsel have discounted those fees and liberally exercised billing discretion.

### C. Degree of Success

"The Supreme Court has recognized that the 'most critical factor' in determining a reasonable fee is the degree of success obtained by the plaintiff." Randolph et al. v. Powercomm Constr., Inc., 715 Fed.Appx. 227, 231 (4th Cir. 2017) (quoting Hensley, 461 U.S. at 436)).

Here, Class Counsel obtained, after extensive negotiations, a settlement on behalf of class members that, for all class members filing claims, resulted in no less than full compensatory damages, and where unlawful deductions and "dual occupation" overtime calculating errors were present, the participating class members essentially won their without any risk or cost to themselves.  The settlement obtained a substantial recovery for the Class of $83,976.83.  The requested fee is very reasonable in relation to the benefits of the litigation and should not be reduced.

### D. Costs

Plaintiffs also seek to recover $9,549.24 in costs, all of which are adequately documented and detailed above.  These costs are recoverable under FLSA, MWHL, and MWPCL.

## V.   CONCLUSION

Based on the foregoing, Plaintiffs request an award of attorneys' fees and costs in the negotiated and discounted amount of **$98,000.00**.

13

Respectfully submitted,

_____/s/_____

Howard B. Hoffman, Esq. (Bar No. 25965)
Scott E. Kraff, Esq. (Bar No. 20899)
Jordan S. Liew, Esq. (Bar No. 20509)
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
301-251-3752
skraff@hoholaw.com
hhoffman@hoholaw.com
jliew@hoholaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2019, a copy of the Plaintiff's Unopposed Motion for Attorneys' Fees and Costs was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

_/s/ Howard B. Hoffman_____
Howard B. Hoffman