PLAINTIFF'S
EXHIBIT
1

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Judith H. Kusel,** *et al.*  \*

*On behalf of herself and*  \*
*others similarly situated*
\*
**Plaintiffs**
\*
v.   Case No. 1:18-cv-01413-JMC
\*
**B J's On The Water, Inc.** *et al.*
\*
**Defendants**
_____/

## AFFIDAVIT OF HOWARD B. HOFFMAN

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I am the principal attorney of Hoffman Employment Law, LLC. I serve as counsel to the Plaintiffs in the above-referenced matter.

2. I am an attorney in private practice, and I concentrate on employment law. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since December 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland,[1] and the U.S. District Court for Eastern District of Virginia. I have extensive experience prosecuting and defending wage and hour cases and other employment law cases. I opened my own practice law practice in 2002, and on July 1, 2018, the practice began operating as Hoffman Employment Law, LLC ("Hoffman Law"). For purposes of this case, I have employed the following associate attorneys,

---

[1]   I gained admission to this Court in January 2000.

Jordan S. Liew, Esq. ("Liew"), Scott E. Kraff, Esq. ("Kraff"), and Gregory B. Herbers, Esq. ("Herbers"). I also employ Timothy J. McGarry ("McGarry") as a Law Clerk (a law school graduate, currently pending admission to the District of Columbia Bar).

3. This case began after Ms. Judith Kusel contacted me seeking legal representation relating to wage issues that she had with the Defendants while employed with them.

4. Hoffman Law has maintained time and costs records in this case, which all timekeepers use to record their time into "RocketMatter"© software. A true and correct copy of those billing records are attached, in chronological order, as Exhibit 1-A.

5. The billing records reflect actual time expended in the prosecution of this litigation. The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. I have supervised associates and instructed them to accurately bill their time. I have also, to the fullest extent practical, specified the time spent per task, and I have avoided the practice of block billing. I have instructed my associates and law clerk to do the same.

6. Through today's date (November 15, 2019), and based on a reasonable estimate of additional time moving forward, Hoffman Law has recorded and seeks on my behalf a total of 103.3 hours in this case at $400.00/hour (see below for basis for this claimed hourly rate), for a total value of $41,280.00.

7. Through today's date (November 15, 2019), and based on a reasonable estimate of additional time moving forward, Hoffman Law has recorded and seeks on behalf of the work performed by Jordan Liew, a total of 211.8 hours in this case at $215.00/hour (see below for basis for this claimed hourly rate), for a total value of $44,274.00.

8. Through today's date (November 15, 2019), and based on a reasonable estimate of

additional time moving forward, Hoffman Law has recorded and seeks on behalf of the work performed by Scott Kraff, a total of 6.3 hours in this case at $205.00/hour (see below for basis for this claimed hourly rate), for a total value of $1,291.50.

9. Through today's date (November 15, 2019), and based on a reasonable estimate of additional time moving forward, Hoffman Law has recorded and seeks on behalf of the work performed by Gregory B. Herbers, a total of 51 hours in this case at $205.00/hour (see below for basis for this claimed hourly rate), for a total value of $10,455.00.

10. Through today's date (November 15, 2019), and based on a reasonable estimate of additional time moving forward, Hoffman Law has recorded and seeks on behalf of the work performed by Timothy J. McGarry, a total of 10.6 hours in this case at $150.00/hour (see below for basis for this claimed hourly rate), for a total value of $1,590.00.

11. Therefore, the total value of fees in this case is $98,890.50.

12. The total costs incurred by Hoffman Law in this case, including a reasonable estimate of additional expenses moving forward, are set forth as follows: (i) postage fees in the amount of **$625.14**, which includes postage to clients, opposing counsel, and the Court; (ii) **$7,715.00** from expert witness Michael Kimel, PhD (who calculated the damages for the settlement process); (iii) **$50.60** in mileage (92 miles @ .55/mile (trips to the U.S. District Court (Baltimore)) taken by undersigned counsel; (iv) **$620.00** in copy/print charges; (v) **$120.00** in process server fees; (vi) **$12.00** for parking; (vii) **$6.50** for tolls (ICC); (viii) and the filing fee of **$400.00**. The total costs incurred by Hoffman Law in this case, including a reasonable estimate of additional expenses moving forward, are **$9,549.24.**

13. Not included in these costs are the costs involved in extensive computerized legal research (we utilize WESTLAW).

14. None of the sought-after time or expenses (costs), as set forth above, have been incurred as "Class Administrator" for this case.

15. Therefore, the total value of fees and costs in this case is $108,439.74.

16. By accepting $98,000.00 for fees and cost reimbursement, I am therefore discounting ("writing down") part of our time as it relates to this settlement. Notably, these fees and costs were negotiated separately and secondarily, and only after reaching a tentative resolution as to the Plaintiffs' recovery.

17. I was generally responsible for all facets of this case, from drafting the initial complaint; interviewing and handing initial client communications; drafting and revising specialized written discovery; maintaining communications (oral and written) with counsel for the Defendants as to all issues, from discovery disputes through settlement; supervising and revising the draft of the Motion for Conditional Certification (and Reply); leading the settlement negotiations with the Defendants; supervising the damage calculation process, and drafting the instant Motion. I was also involved in selecting and retaining an expert witness, supervising associate attorneys, and otherwise managing the strategies and coordinating/delegating the roles of Plaintiffs' counsel and assigning/supervising tasks so that the case was efficiently and effectively managed.

18. Associates and a law clerk are utilized to increase delegation and assignment of tasks to persons who can complete them at a lower hourly rate.

19. In many instances, I have not recorded my time spent for calls/communications from Plaintiffs requesting information regarding the status of this case, and the brief discussions from associates and co-counsel regarding proper direction and instruction.

20. In the course of representing businesses and some individuals, I include and bill to my

clients any disbursements representing the same costs incurred in this case (e.g., filing fees, postage, copies, conference calls, court reporters, experts, etc.).

21. I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing).

22. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002. I was asked to speak at a seminar in December 2012, for Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. Most recently, I received the honor of being designated a "SuperLawyer"® in employment law in both Maryland and the District of Columbia (2016-2019).

23. I have extensive experience in prosecuting and defending wage and hour lawsuits, and that makes me rather uniquely qualified to provide this Declaration. Many of the well-known reported decisions in the District of Maryland addressing overtime and minimum wage rights, are cases that I have either prosecuted (represented the employee) or defended (represented the employer). These notable and widely cited decisions include, but are not limited to: Rose v. New Day Financial, et al., 816 F.Supp.2d 245, 2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to compel class-waiver arbitration granted); Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); Williams et al. v. ezStorage Corp., 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional certification of FLSA collective

action on behalf of employees); Gionfriddo et al. v. Jason Zink, LLC, et al., 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); Dorsey et al. v. The Greene Turtle Franchising Corp., 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action); Williams et al. v. Long (d/b/a "Charm City Cupcakes"), 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case); Dorsey et al. v. TGT Consulting, LLC, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); Saman v. LDBP, Inc., 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case). Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

24. Additionally, while I would like to remain modest about my accomplishments in my nineteen (19) years of practice, two of the more frequently cited published decisions involving the First Amendment rights of law enforcement whistleblowers, decided by the U.S. Court of Appeals for the Fourth Circuit within the last decade, are cases that I prosecuted on behalf law enforcement whistleblowers, see, e.g., Andrew v. Clark, 561 F.3d 261 (4th Cir. 2009) (representation of law enforcement officer in claim of First Amendment retaliation and due process); Durham v. Jones, 737 F.3d 291 (4th Cir. 2013) (affirming judgment of judgment was obtained in the amount of $1,112,200.00 against Somerset

County Sheriff; defeating claims of qualified immunity in First Amendment retaliation case).

25. Moreover, my work frequently casts me into the spotlight. By way of example, I have been quoted, or my work has been featured, in the following news articles: "Deputy Gets Powers Back," The Maryland Daily Record, Pg. 1A, Aug. 14, 2013; "Tip & Fight; Famed Baltimore Restaurant Sip & Bite on the Hook for Unfair Labor Practices," Baltimore City Paper ("Mobtown Beat column"), Aug. 21, 2013; "Sheriff Owes Deputy $1.1M," The Maryland Daily Record, Pg. 1A, December 11, 2013; "Pet Peeve – Outcry Over Baltimore County Animal Shelter Erupts in Free-Speech Lawsuit," Baltimore City Paper ("Mobtown Beat column"), June 4, 2014; "State Courts Can Decide Overtime Disputes, Enhance Damages," The Maryland Daily Record, Pg. 1A, Aug. 18, 2014. While not employment related, my Section 1983 work on behalf of animal advocates in Baltimore County, see Fancy Cats Rescue Team, Inc., et al. v. Baltimore County, Md., et al., BPG 14-1073, gained nationwide attention. See http://www.chicagotribune.com/lifestyles/pets/ct-pets-shelter-silence-0129-20150129-story.html ("Bredar's decision could have implications around the country.")

26. Neither Hoffman Law, nor any lawyer involved in this case, has charged (and will not charge) any Plaintiff in this case for any of the costs or fees that have been incurred in this case. No contingency fee is being charged to any Plaintiff. The fee/cost awarded by the Court will be our sole compensation.

27. Before I began my nineteenth year of practice, and under the *revised lodestar guidelines* (effective July 1, 2014), I was awarded $400/hour in Jackson et al. v. Egira, LLC, et al., RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016). That hourly rate was awarded

over the objections of the Defendants in that case.

28. I am requesting that the Court value my time at a rate of $400.00 an hour in this case, *although the effective hourly rate is lower as I have discounted my legal fees and costs in the interest of settlement.* This rate is consistent with the revised lodestar guidelines adopted by the U.S. District Court, especially for an attorney who regularly handles precedent-setting decisions, whose work attracts and receives media attention, and who regularly speaks on employment law topics, including to fellow attorneys. The complexity, duration, and skill required, as to my tasks and responsibilities in this case, clearly deserve a rate of $400.00.

29. Additionally, I am requesting that the Court value the time of Liew at an hourly rate of $215/hour. This rate is consistent with the revised Lodestar Guidelines adopted by the U.S. District Court. The education and work experiences of Mr. Liew is outlined in his respective Declarations. I believe that Mr. Liew's $215/hour rate is appropriate, as he had over one year of experience in this Law Firm. At this point, Mr. Liew has acquired advanced knowledge and understanding of the FLSA and litigation generally, and he is performing work more independently and very efficiently. Therefore, I believe that Mr. Liew is more akin to a mid-level associate in a management-side practice and should be appropriately valued as such.

30. I am also requesting that the Court value the time of Herbers and Kraff at an hourly rate of $205/hour, and at a rate of $150/hour for McGarry's work. These rates are consistent with the revised Lodestar Guidelines adopted by the U.S. District Court. The education and work experiences of Messrs. Liew and Kraff are outlined in their respective Declarations. Mr. McGarry's biographical information is set forth on the Firm's website, at

http://www.hoholaw.com/about/timothy-j-mcgarry/. The aforementioned rates are the rates billed to fee paying clients.

31. As of mid-April 2018, Herbers was no longer employed with Hoffman Law. Herbers' resume (available upon request) indicates that he has practiced law since 2015, after graduating from Pepperdine University School of Law, and he was admitted to the Maryland bar in December 2018 and the California bar in 2015. Herbers' role generally involved discovery related issues and drafting the Motion for Conditional Certification.

32. Kraff has similarly been involved in very discrete matters and maintaining some familiarity with the case.

33. McGarry's involvement has been limited but nevertheless valuable. McGarry has been involved in communicating with Plaintiffs and acquiring and collecting tax related documents. McGarry will assist in the distribution of payments and address any follow up communications with clients.

34. For this case, I believe that the market rates assigned to Liew, Herbers, and Kraff, as well as McGarry, are all very appropriate and reasonable, given their impressive credentials, their level of experience, and my own review of associate time in other cases in which I have defended. Also, I am familiar with fee awards in other cases involving "junior associates," and the experience and education of Liew, Herbers, Kraff and McGarry compare favorably to other junior associates receiving fee awards between $200-225/hour. I am also generally familiar with attorney hourly rates in the Baltimore legal market, as I was formerly employed as an associate at a Baltimore management-side legal boutique. By the time that I left that employment in 2001, with no more than three years of experience, my hourly rate was $205/hour. The requested rates are within the Court's

guidelines, providing an additional assurance that the hourly rates are reasonable.

**AFFIANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true and correct.

_/s/ Howard B. Hoffman_
Howard B. Hoffman, Esq.
November 15, 2019